**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ONE BEACON INSURANCE COMPANY : <br> As Subrogee of TIMING GROUP, LLC, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> ENCHANTE ACCESSORIES, EDS2, : <br> SUTGO LOGISTICS, INC., EDS/SUTGO : <br> LOGISTICS, INC., LINDEN : <br> WAREHOUSE AND DISTRIBUTION : <br> COMPANY, INC., : <br> : <br> Defendants. : | Civil Action No. 06-5802 (JAG) <br><br> **OPINION** |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion of One Beacon Insurance Company ("Plaintiff" or "One Beacon"), as subrogee of Timing Group, LLC ("Subrogor" or "Timing Group") for entry of default judgment against Sutgo Logistics, Inc., and EDS/Sutgo Logistics, Inc. (collectively, the "Defendants"), pursuant to FED R. CIV. P. 55(b). Plaintiff seeks recovery for the loss of 9,138 pairs of shoes (the "Cargo"), allegedly caused by Defendants' negligence.

**I. FACTS**

Timing Group owned the Cargo at the center of this dispute. (Aff. of Lawrence C. Glynn ("Glynn Aff.") at ¶ 4.) On or about November 2, 2006, Defendants received the Cargo for storage at their warehouse. (Id. ¶ 5.) On Friday, November 3, 2006, the Cargo remained within the container in an area of the warehouse's receiving dock. (Id. at ¶ 7.) The area of the

warehouse's receiving dock in which the Cargo was left is an area that is regularly bypassed or left unsecured by the warehouse security system. (Amended Compl. ¶ 45.) The warehouse was closed on Saturday, November 4, 2006. (Glynn Aff. at ¶ 7.)

On Sunday, November 5, 2006, Edmund Erani, a principal of one or more of the Defendants, discovered that the entire shipment of shoes was missing from the premises. (Id. ¶¶ 8-9.) As of the date that the motion for default judgment was filed, the Cargo had not been located. (Id. at ¶ 10.)

Timing Group's insurance policy with One Beacon applied coverage which included consequential damages, and was based on "1) the selling price, less un-incurred expenses for goods that were sold, or 2) the CIF value plus 30% as an agreed upon mark up for lost profits for unsold goods." (Id. at 12; Decl. of Joseph Lodispoto ("Lodispoto Decl.") at 22; Fax Cover Sheet from Mary T. Dwan, Senior Claims Adjustor to General Inspection Co., attached as Ex. G to Lodispoto Decl.) The final adjustment for the Cargo loss was $209,433.82, and One Beacon issued two checks totaling $204,433.82 to Timing Group.[1] (Glynn Aff. at ¶ 14.)

Plaintiff alleges that Defendants failed to deliver the entire cargo and failed to care properly for the Cargo while it was in their possession. Plaintiff requests $240,005.41 in compensatory damages, which includes the full cost of the lost cargo to the insurance company, in addition to the $5,000 deductible paid by Timing Group, and pre-judgment interest, as well as $500,000.00 in punitive damages for Defendants' failure to secure the Cargo.

---

[1] The checks sent to Timing Group from One Beacon did not include Timing Group's $5,000 deductible. (Glynn Aff. at 14.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2), which governs the entry of default judgment, states:

> In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing.  The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

FED. R. CIV. P. 55(b)(2).  "It is well settled . . . that the entry of a default judgment is left primarily to the discretion of the district court."  Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).

"Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint."  United States v. Gant, 268 F. Supp. 2d 29, 32 (D.D.C. 2003) (citing Brock v. Unique Racquetball & Health Clubs, Inc., 786 F.2d 61, 65 (2d Cir. 1986)).  Default does not establish liability for the amount of damages claimed by the plaintiff.  Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.").  "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Secs.

(USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).

The district court has considerable latitude in determining the amount of damages. Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993). In determining the amount, the district court may conduct a hearing. FED. R. CIV. P. 55(b)(2). The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997). "It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." Pope v. United States, 323 U.S. 1, 65 (1944).

### III.  JURISDICTION

Before default judgment may be entered against a party that has not filed responsive pleadings, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986).

**A.     Subject Matter Jurisdiction**

This Court holds subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332. Plaintiff is a Massachusetts corporation with its principal place of business in New York. (Glynn Aff. at ¶ 3.) Defendants are corporations with their principal places of business in New Jersey. (Id.) The amount in controversy exceeds $75,000.

**B.    Personal Jurisdiction**

This court has personal jurisdiction over Defendants, which are corporations doing

4

business in New Jersey. To require Defendants to defend this suit in New Jersey comports with "fair play and substantial justice" consistent with the Fourteenth amendment. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

## IV. ANALYSIS

### A. Default Judgment

Defendants have failed to appear, or otherwise plead, in response to the Complaint, filed on December 4, 2006 and served on Defendants on January 17, 2007. (See Executed Summons for Sutgo Logistics Inc., and EDS/Sutgo Logistics Inc. dated Jan. 17, 2007 (Docket Entries No. 4, 5).) Defendants have failed to respond to the instant motion, despite having been served with the motion on May 30, 2008. (Docket Entry No. 18.)

This Court finds that default judgment is appropriate under FED. R. CIV. P. 55 (b)(2), as to counts I, II, III and IV of the Amended Complaint.

### B. Damages

Plaintiff requests as compensatory damages the adjusted value of the lost cargo under the policy in the amount of $209,433.82, plus interest at a rate of 9% per annum from the date of the theft until the return date of the motion, in the amount of $30,571.60. The total compensatory damages requested, therefore, amounts to $240,005.42. Plaintiff also requests punitive damages in the amount of $500,000.00 on the grounds that Defendants' actions, in failing to secure the Cargo, were so morally reprehensible as to imply criminal indifference to their civil obligations.

To support this request, Plaintiff has submitted the reports of an inspection company hired by Plaintiff to determine the actual loss caused by the Defendants. However, Plaintiff has not provided to this Court a copy of the insurance policy governing Timing Group's claims or a

5

copy of the two checks sent to Timing Group.  Plaintiff also has not submitted any documentation showing its entitlement to pre-judgment interest at the rate of 9% per annum. This Court will reserve judgment on the amount of damages to be awarded to Plaintiff.

## V.  CONCLUSION

For the reasons stated above One Beacon's motion for default judgment shall be granted, with judgment reserved as to the amount of damages.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date: October 31, 2008